133 F.3d 927
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Julia Valdivis HUAMANCAJA, Petitioner,
v.
IMMIGRATION AND NAUTRALIZATION SERVICE, Respondent.
 No. 96-70633.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 17, 1997.
 
 Before SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Julia Valdivia Huamancaja, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of Huamancaja's appeal from the order of an immigration judge denying her applications for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a),[1] and we deny the petition.
 
 
 3
 Huamancaja contends that the BIA's conclusion that she failed to establish past persecution or a well-founded fear of future persecution "on account of" a political opinion is not supported by substantial evidence. We disagree.
 
 
 4
 We review the BIA's factual findings for substantial evidence, and will uphold the decision unless the evidence compels a contrary result. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993).
 
 
 5
 In 1988, Huamancaja witnessed the kidnapping-for-ransom of a classmate at her private high school. She recognized one of the perpetrators, Mr. Villapanta, as her neighbor. Huamancaja went to the police and informed on Villapanta who was promptly arrested. Although it was unknown to her at the time, Villapanta was a member of the Shining Path guerrilla group. Subsequently, Huamancaja was involved in an incident with the Shining Path. While riding in a vehicle with her father, a vehicle driven by Shining Path guerrillas rammed into Huamancaja's vehicle. Huamancaja gashed her forehead during the impact. The Shining Path guerrillas demanded that Huamancaja join their group because she was a "snitch." Huamancaja told the guerrillas that she would not collaborate because she "had different ideas."
 
 
 6
 Between 1988 and 1991, the Shining Path mailed "two or more" death threat letters to Huamancaja explaining that she was being targetted because she had informed on Villapanta. The letters further explained that if she collaborated with the Shining Path, she would not be harmed. Huamancaja left Peru in 1991. She explained that she left the country after Villapanta had been released from prison and had begun to follow her.
 
 
 7
 The BIA's finding that Huamancaja failed to establish persecution "on account of" one of the enumerated grounds is supported by substantial evidence. Huamancaja failed to demonstrate that the Shining Path were motivated by her political opinion, as opposed to revenge for informing on their comrade. See Vera-Valera v. INS, 123 F.3d 1302, 1304 (9th Cir.1997) (stating that to meet burden, applicant must prove by direct or circumstantial evidence a causal connection between the persecution and the applicant's political opinion); see also INS v. Elias-Zacarias, 502 U.S. 478, 482-83 (1992) (stating that applicant's resistance to forced recruitment is not enough by itself to show that persecutor acted "on account of" applicant's political opinion). The record does not compel us to find otherwise. See Acewicz, 984 F.2d at 1061; see also Elias-Zacarias, 502 U.S. at 481 n. 1.[2]
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 8 U.S.C. § 1105a was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because petitioner was in deportation proceedings before April 1, 1997, section 309(c) of IIRIRA provides that this court continues to have jurisdiction under 8 U.S.C. § 1105a
 
 
 [2]
 Because Huamancaja failed to demonstrate eligibility for asylum, she necessarily failed to demonstrate eligibility for the withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995). Furthermore, because Huamancaja failed to demonstrate eligibility for asylum, she was not entitled to a discretionary grant of asylum. See Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995)